UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

WINSTON JOHNSON JR.,

                    PLAINTIFF,

-against-

WILLIAM DUMPHY, JOSPEH JIROVEC,
RICHARD DASILVA, ALESSANDRO CERCIELLO,
JOSEPH DESIMONE, CHRISTOPHER RAPUZZI
AND JOHN DOES (1 - 5)

                    DEFENDANTS
-------------------------------------------------------------X

Civil Action No.:

COMPLAINT

JURY TRIAL DEMANDED

09 - 2758

GLASSER, J.
GOLD, M.J.

Plaintiff, Winston Johnson Jr., by his Attorney Adrian A. Ellis, allege as follows:

**PRELIMINARY STATEMENT**

    1.    This is a civil action to recover damages inflicted upon the Plaintiff, an African-American teenager, by William Dumphy, Joseph Jirovec, Richard DaSilva, Alessandro Cerciello, Joseph DeSimone, Christopher Rapuzzi and John Does 1-5 (collectively, "the Defendants").

    2.    Upon information and belief, Alessandro Cerciello (also known as Alex Ciercello), acting in concert with William Dumphy, Joseph Jirovec, Richard DaSilva, Joseph DeSimone, Christopher Rapuzzi and John Does 1-5, all of whom reside in the Gotham Avenue area of Brooklyn New York, did purposely hit the Plaintiff with a motor vehicle and impede the Plaintiff from escaping the scene resulting in the Plaintiffs bodily injuries.

    3.    Upon information and belief, the Defendants detained the Plaintiff against his will and, motivated by race-based and alienage-based, animus committed repeated acts of intimidation and

violence towards the Plaintiff, including racially derogatory and other degrading verbal insults, threats, and assault and battery.

4.  Upon information and belief, on June 26, 2006, Alex Cerciello, aided by William Dumphy, Joseph Jirovec, Richard DaSilva, Joseph DeSimone and/or Christopher Rapuzzi, struck Winston Johnson with a brown Toyota Camry motor vehicle, assaulted him, and repeatedly hurled various racial epithets at him. These actions violated New York tort law and federal civil rights law. The Plaintiff seeks actual and punitive damages for the injuries he has sustained.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over the claims asserted in this complaint under 28 U.S.C § 1331, 28. U.S.C. § 1343, and 28 U.S.C. § 1367. The court has jurisdiction over all claims asserted in this complaint under 28 U.S.C. § 1331. The Court also has jurisdiction over the First and Second Claims under 28 U.S.C. § 1343 (1), because the claim arises out of acts done in furtherance of a conspiracy described by 42 U.S.C. § 1985 (3) and 28 U.S.C. §1331, because these claims arise under federal law. The Court also has jurisdiction over the Third, Fourth, Fifth, Sixth, and Seventh Claims under 28 U.S.C. § 1367, because these claims, which arise under New York law, are so related to the claims arising under federal law that they form part of the same case or controversy.

6.  The venue is proper in the District of New York under 28 U.S.C. § 1391(b) because all Defendants reside within the district.

## PLAINTIFF

7. Plaintiff Winston Johnson Jr. is a private citizen and resident of resident of Kings County, New York.

## DEFENDANTS

8. Defendant William Dumphy is a private citizen and resident of Kings County, New York.

9. Defendant Joseph Jirovic is a private citizen and resident of Kings County, New York.

10. Defendant Richard DaSilva is a private citizen and resident of Kings County, New York.

11. Defendant Alessandro Cerciello is a private citizen and resident of Kings County, New York.

12. Defendant Joseph DeSimone is a private citizen and resident of Kings County, New York.

13. Defendant Christopher Rapuzzi is a private citizen and resident of Kings County, New York.

14. Defendants John Does (1-5) upon information and belief are private citizens and residents of Kings County, New York.

## FACTS

15. At approximately 9pm on June 26, 2006, Plaintiff, a fifteen (15) year old African-American male, was with three friends heading home after playing basketball in a nearby park and each

riding his own bicycle when they made a wrong turn and got lost in the Gerritsen Beach area of Brooklyn in Kings County, New York.

16. Upon information and belief, the Plaintiff and his friends were riding along the community's streets looking for a main thoroughfare to get out of the neighborhood, when suddenly a brown Toyota Camry motor car sped past them and the driver yelled out, "We hate you fucking niggers".

17. The Plaintiff and his friends rode their bicycles passed a group of young white men and teenagers who began chasing and threatening them all the while shouting racial remarks and threatening them with physical harm.

18. The group then began shouting racial slurs at the Plaintiff and his friends as more people started coming out onto the street. The crowd made several derogatory comments including calling the cyclists "fucking niggers" and stating that they "hated fucking niggers", that they "don't belong here" and would "get fucked up for coming into our neighborhood." The mob then held onto the Plaintiff's bicycle making it impossible for him to get away.

19. Upon information and belief, Defendants William Dumphy, Joseph Jirovec, Richard DaSilva, Alessandro Cerciello, Joseph DeSimone and/or Christopher Rapuzzi while travelling in a brown Toyota Camry motor car, approached and hit the Plaintiff's bicycle and causing him to be thrown from the bicycle to the ground. Two of the Plaintiff's friends were able to pedal away from the growing mob chasing them, while the third friend, who was also knocked off his bicycle, ran away and hid beneath a

bush on a nearby street where he was found by a person from the community, trembling in fear for his life. That person called 911.

20. The unruly crowd, inclusive of the defendants, set upon the fallen Plaintiff attacking him by kicking and punching him about his face and body as he lay in the middle of a dead-end street (the name of which he still cannot recall) in Gerritsen Beach, causing his nose and ear to bleed. They also attempted to break his ankle.

21. Plaintiff believed that the motor vehicle, when it hit him, was being used by the Defendants in an attempt to 'run him over' because the driver of the vehicle stated that he and his friends did not belong in 'their neighborhood' and he did not want any "niggers" in his neighborhood.

22. At some point during the attack the Plaintiff was able to escape his attackers and run away. He however made a wrong turn and encountered the group again. The Plaintiff managed to escape the scene of his assault a second time when a BMW motor car pulled alongside him and beckoned to the Plaintiff to "get in".

23. Bloodied, scared, disoriented and in pain, the Plaintiff initially hesitated as he did not trust the driver of the BMW. At that moment one or other of the Defendants resumed beating on the Plaintiff as he was standing at the door of the BMW forcing him to take cover by getting into the BMW which took him home to his parents.

24. Upon information and belief, the Defendants, William Dumphy, Joseph Jirovec, Richard DaSilva, Alessandro Cerciello, Joseph DeSimone , Christopher Rapuzzi and John Does 1-5, were arrested

by officers from the 61st Police Precinct and each charged under New York Penal Law with assault, aggravated harassment and robbery, all as hate crimes in the beatings of the Plaintiff and one of his friends.

25. Upon information and belief, the Defendants William Dumphy, Joseph Jirovec, Richard DaSilva, Alessandro Cerciello, Joseph DeSimone , Christopher Rapuzzi and John Does 1-5 had a conspiratorial understanding with each other and a common objective to perpetuate tortious acts against African-American persons, and to deprive African-American persons of their legally protected rights and equal privileges and immunities under the laws. In entering into this conspiracy, each of these Defendants was motivated by race-based and alienage-based animus.

26. Defendant's Alessandro Cerciello and his conspirators William Dumphy, Joseph Jirovec, Richard DaSilva, Joseph DeSimone, Christopher Rapuzzi and John Does 1-5 through the activities described in this complaint, have purposefully and successfully attempted to forcefully obstruct and interfere with the freedom of movement and the right to be free from unlawful search or seizure of African-American persons.

### FIRST CLAIM

(Violation of Civil Rights – 42 U.S.C. § 1985 (3))

(By Plaintiff Against Defendants William Dumphy, Joseph Jirovec, Richard DaSilva, Alex Cerciello, Joseph DeSimone , Christopher Rapuzzi and John Does 1-5)

27. Plaintiff incorporates by reference paragraphs 1 – 26 as if set forth fully herein.

28. Upon information and belief, Defendants William Dumphy, Joseph Jirovec, Richard DaSilva, Alex Cerciello, Joseph DeSimone , Christopher Rapuzzi and John Does 1-5 had an understanding with each other and a shared common objective to deprive African-American persons of the right to interstate travel and to be free from unlawful search or seizure and other rights protected under the Constitution.

29. Upon information and belief Defendants William Dumphy, Joseph Jirovec, Richard DaSilva, Alex Cerciello, Joseph DeSimone , Christopher Rapuzzi and John Does 1-5 acted in furtherance of the unlawful conspiracy through the incident involving the Plaintiff on June 26, 2006.

30. The conspiracy of Defendants William Dumphy, Joseph Jirovec, Richard DaSilva, Alex Cerciello, Joseph DeSimone , Christopher Rapuzzi and John Does 1-5 is motivated by these defendants' race-based and alienage-based invidious discriminatory animus.

31. As a result of the above described unlawful actions, Plaintiff was injured in his person or property and deprived of having and exercising his rights as guaranteed under the Constitution of the United States.

32. Defendants' acts were committed maliciously, oppressively, and in reckless disregard of Plaintiffs' rights.

## SECOND CLAIM

**(Violation of Civil Rights – 42 U.S.C. § 1981)**

**(By Plaintiff Against Defendants William Dumphy, Joseph Jirovec, Richard DaSilva, Alex Cerciello, Joseph DeSimone, Christopher Rapuzzi and John Does 1-5 )**

33. Plaintiff incorporates by reference paragraphs 1 – 32 as if set forth fully herein.

34. The actions taken by Defendants William Dumphy, Joseph Jirovec, Richard DaSilva, Alex Cerciello, Joseph DeSimone, Christopher Rapuzzi and John Does 1-5 violated the Plaintiff's personal security.

35. Defendants William Dumphy, Joseph Jirovec, Richard DaSilva, Alex Cerciello, Joseph DeSimone, Christopher Rapuzzi and John Does 1-5 actions were motivated by raced-based and alienage-based animus.

36. Defendants William Dumphy, Joseph Jirovec, Richard DaSilva, Alex Cerciello, Joseph DeSimone, Christopher Rapuzzi and John Does 1-5 deprived the Plaintiff of the equal benefits of laws and proceedings for the security of persons and property.

37. Defendants' acts were committed maliciously, oppressively and in reckless disregard of Plaintiff's rights.

**THIRD CLAIM**

(Assault)

(By Plaintiff Against Defendants William Dumphy, Joseph Jirovec, Richard DaSilva, Alex Cerciello, Joseph DeSimone , Christopher Rapuzzi and John Does 1-5 )

38. Plaintiff incorporates by reference paragraphs 1- 37 as if set forth fully herein.

39. Defendants William Dumphy, Joseph Jirovec, Richard DaSilva, Alex Cerciello, Joseph DeSimone , Christopher Rapuzzi and John Does 1-5 intended to cause a harmful or offensive contact with the Plaintiff or imminent apprehension of such contact, and intended that Plaintiffs be put in imminent apprehension of such contact.

40. Plaintiff was put in imminent apprehension of being beaten and brutalized by the Defendants individually and/or together.

41. Defendants' acts were committed maliciously, oppressively, and in reckless disregard of Plaintiff's rights.

## FOURTH CLAIM

(Battery)

(By Plaintiff Against Defendants William Dumphy, Joseph Jirovec, Richard DaSilva, Alex Cerciello, Joseph DeSimone , Christopher Rapuzzi and John Does 1-5 )

42. Plaintiff incorporates by reference paragraphs 1- 41 as if set forth fully herein.

43. One of the Defendants William Dumphy, Joseph Jirovec, Richard DaSilva, Alex Cerciello, Joseph DeSimone, Christopher Rapuzzi and John Does 1-5 was driving the brown Toyota Camry motor vehicle in which two of the other Defendants were also travelling that struck the Plaintiff and one of his friends from their bicycles causing them to fall onto the street and suffer injury.

44. Upon information and belief Defendants William Dumphy, Joseph Jirovec, Richard DaSilva, Alex Cerciello, Joseph DeSimone, Christopher Rapuzzi and John Does 1-5 were members of the mob of young white men that chased and forcefully kicked and punched the Plaintiff about his body and face.

45. Defendants William Dumphy, Joseph Jirovec, Richard DaSilva, Alex Cerciello, Joseph DeSimone, Christopher Rapuzzi and John Does 1-5 intended to cause harmful or offensive contact, or apprehension thereof, when they struck the Plaintiff with their motor car and repeated and forcefully punched and kicked the Plaintiff.

46. Defendants' acts were committed maliciously, oppressively, and in reckless disregard of Plaintiff's rights.

### FIFTH CLAIM

(Negligence)

(By Plaintiff Against Defendants William Dumphy, Joseph Jirovec, Richard DaSilva, Alex Cerciello, Joseph DeSimone, Christopher Rapuzzi and John Does 1-5 )

47.     Plaintiff incorporates by reference paragraphs 1- 46  as if set forth fully herein.

48.     Defendants William Dumphy, Joseph Jirovec, Richard DaSilva, Alex Cerciello, Joseph DeSimone , Christopher Rapuzzi and John Does 1-5  owed the Plaintiff a duty of care to neither willfully nor intentionally inflict injury.

49.     The willful and intentional actions of Defendants William Dumphy, Joseph Jirovec, Richard DaSilva, Alex Cerciello, Joseph DeSimone , Christopher Rapuzzi and John Does 1-5  constituted a breach of each Defendants' duty of care to the Plaintiff.

50.     By committing the above-described acts without having taken reasonable precautions to avoid such acts, Defendants William Dumphy, Joseph Jirovec, Richard DaSilva, Alex Cerciello, Joseph DeSimone , Christopher Rapuzzi and John Does 1-5  breached their duty of care and proximately harmed the Plaintiff as described above. Such harm includes, but is not limited to severe emotional distress that William Dumphy, Joseph Jirovec, Richard DaSilva, Alex Cerciello, Joseph DeSimone , Christopher Rapuzzi and John Does 1-5  reasonably should have known would result from their conduct.

51.     Defendants' acts were committed maliciously, oppressively, and in reckless disregard of Plaintiff's rights.

### SIXTH CLAIM

(Negligence Per Se)

(By Plaintiff Against Defendants William Dumphy, Joseph Jirovec, Richard DaSilva, Alex Cerciello, Joseph DeSimone , Christopher Rapuzzi and John Does 1-5 )

52.     Plaintiff incorporates by reference paragraphs 1- 51 as if set forth fully herein.

53.     NYS Vehicle & Traffic Law  § 1101 and all other applicable statutes  impose a duty of care on Defendants William Dumphy, Joseph Jirovec, Richard DaSilva, Alex Cerciello, Joseph DeSimone , Christopher Rapuzzi and John Does 1-5  to not operate or handle a motor vehicle on any public road in a dangerous or reckless manner or so as to cause injury.

*54.*     The Statute sets out the relevant standard of care.

*55.*     Breach of the standard of care set out in the statute constitutes negligence per se, i.e. conclusive proof of the actor's negligent behavior and that the actor may be subject to liability.

56.     By committing the above-described acts without having taken reasonable precautions to avoid such acts, Defendants William Dumphy, Joseph Jirovec, Richard DaSilva, Alex Cerciello, Joseph DeSimone , Christopher Rapuzzi and John Does 1-5  breached their duty of care and proximately harmed the Plaintiff as described above.  Such harm includes, but is not limited to severe emotional distress that William Dumphy, Joseph Jirovec, Richard DaSilva, Alex Cerciello, Joseph DeSimone , Christopher Rapuzzi and John Does 1-5  reasonably should have known would result from their conduct.

57. Defendants' acts were committed maliciously, oppressively, and in reckless disregard of Plaintiff's rights.

## SEVENTH CLAIM

### (Negligence Per Se)

**(By Plaintiff Against Defendants William Dumphy, Joseph Jirovec, Richard DaSilva, Alex Cerciello, Joseph DeSimone, Christopher Rapuzzi and John Does 1-5 )**

58. Plaintiff incorporates by reference paragraphs 1- 57 as if set forth fully herein.

59. The conduct of the Defendants William Dumphy, Joseph Jirovec, Richard DaSilva, Alex Cerciello, Joseph DeSimone, Christopher Rapuzzi and John Does 1-5, as alleged above was extreme and outrageous.

60. The Defendants engaged in such conduct with the intention of causing, or with reckless disregard for the near certainty of causing, the Plaintiffs severe emotional and mental distress.

61. As a proximate result of such conduct, the Plaintiff has experienced severe and lasting emotional and mental distress, fear, anxiety, humiliation, stress, frustration and sadness.

62. Defendants' acts were committed maliciously, oppressively, and in reckless disregard of Plaintiff's rights.

## PRAYER FOR RELIEF

Accordingly, the Plaintiff requests that the Court enter the following judgment:

a. That judgment be entered in favor of the Plaintiff on all counts and against each Defendant;

b. That the Plaintiff be awarded actual damages against Defendants William Dumphy, Joseph Jirovec, Richard DaSilva, Alex Cerciello, Joseph DeSimone, Christopher Rapuzzi and John Does 1-5 in an amount to be determined at trial;

c. That the Plaintiff be awarded punitive or exemplary damages against Defendants William Dumphy, Joseph Jirovec, Richard DaSilva, Alex Cerciello, Joseph DeSimone, Christopher Rapuzzi and John Does 1-5 in an amount to be determined at trial;

d. That the Plaintiff be awarded attorney's fees and costs of suit under any applicable statutory, common law, or constitutional provision, including but not limited to 42 U.S.C. § 1988;

e. That the Court award such other relief as it may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Dated: June 26, 2009                    Respectfully submitted,

                                        ADRIAN A. ELLIS, LLC.


                                        BY _____
                                        Adrian A. Ellis, ESQ. (AE5276)



                                        Attorneys for Plaintiff